NUMBER 13-06-205-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BRUCE WAYNE GERARD, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 214th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 A jury found appellant, Bruce Wayne Gerard, guilty of aggravated assault (1) and
assessed punishment at twenty years' imprisonment and a $10,000 fine. In his sole issue
on appeal, appellant argues that the trial court, after engaging in an informal inquiry into
appellant's competency, erred by not staying all proceedings and ordering an examination. (2) 
We affirm.

Applicable Law

 A person is incompetent to stand trial if the person does not have (1) sufficient
present ability to consult with the person's lawyer with a reasonable degree of rational
understanding, or (2) a rational as well as factual understanding of the proceedings against
the person. (3) The trial court or either party may suggest that "the defendant may be
incompetent to stand trial." (4) "On suggestion that the defendant may be incompetent to
stand trial, the court shall determine by informal inquiry whether there is some evidence
from any source that would support a finding that the defendant may be incompetent to
stand trial." (5) An informal inquiry "is required only if the evidence brought to the judge's
attention raises a bona fide doubt in the judge's mind about the defendant's competency
to stand trial." (6) The court of criminal appeals has stated that "[e]vidence is usually
sufficient to create a bona fide doubt if it shows recent severe mental illness, at least
moderate retardation, or truly bizarre acts by the defendant." (7) If after an informal inquiry,
the trial court determines there is evidence to support a finding of incompetency, the trial
court shall "stay all other proceedings in the case" (8) and "order an examination to determine
whether the defendant is incompetent to stand trial in a criminal case." (9)

Discussion

 Dr. Jose Pagan, a psychiatrist, testified that he had recently interviewed appellant
on two occasions. Dr. Pagan stated that these interviews led him to formulate opinions
about appellant's mental health; but in order to make a comprehensive evaluation of his
health, he needed appellant to take tests that would evaluate his intelligence level. Dr.
Pagan was concerned that appellant was not competent to stand trial because he exhibited
a low intelligence level. According to Dr. Pagan, appellant was "somewhat anxious,
nervous," and "guarded" during their first meeting because he feared that Dr. Pagan was
there to send him to a psychiatric hospital for treatment. Dr. Pagan further testified that
appellant was not taking his medication for depression; as a result, appellant was "clinically
depressed, and his depression [was] complicated by a psychotic component, hallucinatios
[sic] and delusional thoughts, paranoia." In response to Dr. Pagan's testimony, the trial
court had appellant evaluated by Dr. Troy Martinez, a forensic psychologist. Dr. Martinez
concluded that appellant's intelligence level was low, but he was not mentally retarded. 
Appellant's counsel also made remarks about appellant's intelligence. Counsel stated he
was concerned that appellant had been unable to make an intelligent decision when he
rejected a plea bargain from the State.

 This Court is not being asked to assess whether there should have been a bona fide
doubt in the trial judge's mind about the defendant's competency to stand trial, which is the
evidentiary requirement that must be satisfied to compel an informal inquiry. Rather, the
Court is being asked to assess whether the trial court had some evidence to support a
finding of incompetency, thus compelling the trial court to hold an evidentiary hearing. (10) 
The above stated facts do not demonstrate that appellant lacked the ability to consult with
his counsel with a reasonable degree of rational understanding, nor do they demonstrate
that appellant lacked a factual understanding of the proceedings against him. (11) Dr.
Martinez did not specifically address these matters. As for Dr. Pagan, he stated that
appellant appeared to understand "the judicial process, that lawyers represent him, that
there's a state lawyer that prosecutes him, that the judge is the one that mediates over the
case." He also stated that appellant knew the consequences of being found guilty. At the
conclusion of Dr. Pagan's testimony, the following exchange occurred between him and
the trial court:

 THE COURT: Doctor, you say you think that it would be very helpful
[to commit appellant for thirty days for additional
evaluation], but you're not sure that it's gonna make any
difference one way or the other. You've already told us
he's competent to stand trial. You told us that he
understands right from wrong. He understands the
actions that he committed were wrong. Am I correct?

 

 [DR. PAGAN]: Based on my evaluation, yes.

 

 . . . .

 

 [DR. PAGAN]: . . . I'll say I'm not 100 percent sure whether or not
[appellant] is fully competent. Okay? I have serious
concern--question about his intelligence level.

 

 THE COURT: Well, intelligence level and competence and knowing
right from wrong are two different things.


 [DR. PAGAN]: Yes.


 Dr. Pagan's concerns about appellant's intelligence were addressed by Dr.
Martinez's conclusion that appellant was not mentally retarded. (12) Moreover, Dr. Pagan's
concerns did not constitute evidence supporting a finding of incompetency; the relevance
of his concerns was negated by his own testimony that appellant understood the judicial
process and appreciated the consequences that came with conviction. Finally, appellant's
refusal to accept the State's plea bargain, by itself, does not constitute evidence supporting
a finding of incompetency. It is conceivable that appellant rejected the plea bargain
because he believed in the strength of his case, and/or because he appreciated and
wished to avoid the consequences that came with accepting the bargain, which would have
required appellant to plead guilty in exchange for the State recommending a 45-year
sentence. (13) Accordingly, there was no evidence supporting a finding of incompetency.

Conclusion

 The trial court's judgment is affirmed.



 

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 23rd day of October, 2008.
1. Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2008).
2. See Tex. Code Crim. Proc. Ann. arts. 46B.004(d), 46B.005(a) (Vernon 2006).
3. Id. art. 46B.003(a) (Vernon 2006).
4. Id. art. 46B.004(a).
5. Id. art. 46B.004(c).
6. McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003).
7. Id. (internal quotations omitted).
8. Tex. Code Crim. Proc. Ann. art. 46B.004(d).
9. Id. at 46B.005(a).
10. See id. at 46B.005(b), (c).
11. See id. at 46B.003(a).
12. Dr. Martinez's written evaluation of appellant lends support to a finding of competency. The report
states the following: "[Gerard] had no significant problems understanding instructions or questions. . . . 
General quality of thinking was slow and dull but thought processes were logical, coherent, relevant and goal-directed."
13. We note that appellant was better off having rejected the State's recommended 45-year sentence,
because the jury ultimately gave appellant a 20-year sentence.